UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RICHARD ORTIZ** | : | **CIVIL ACTION NO. 14-cv-2738** |
| **FED. REG. #16484-014** | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **C. MAIORANA** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is an application for a writ of *habeas corpus* filed, *pro se*, pursuant to 28 U.S.C. § 2241 by petitioner, Richard Ortiz (hereinafter "Ortiz"), an inmate currently in custody of the Federal Bureau of Prisons at the Federal Correctional Institution in Oakdale, Louisiana. Ortiz's petition was filed in this court, however, it concerns events that occurred while he was incarcerated at the Federal Correctional Institute in Otisville, New York.[1] Ortiz names Warden C. Maiorana as his respondent herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE.**

---

[1] Jurisdiction must be judged as of the time a petition is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001). Since Ortiz was incarcerated in this district when he filed his petition, jurisdiction and venue over his § 2241 petition are proper. *See id.*; 28 U.S.C. § 2241(d).

# I.
## BACKGROUND

Ortiz, who is Hispanic, claims that a Jewish inmate received preferential treatment in regard to a disciplinary action at FCIO. Doc. 1, att. 2, p. 2. He claims that such action was discriminatory and resulted in a violation of his due process rights. Doc. 1, p. 5. Ortiz also alleges that the evidence did not support the charges on which he was found guilty. Doc. 1, p. 4. Accordingly, he requests that we order an investigation into the actions of the warden and disciplinary hearing officer. Doc. 1, p. 5.

# II.
## LAW AND ANALYSIS

Ortiz seeks *habeas corpus* relief pursuant to 28 U.S.C. § 2241, which provides that "the writ of *habeas corpus* shall not extend to a prisoner unless – [h]e is in custody in violation of the Constitution or laws or treaties of the United States..." 28 U.S.C. § 2241(c)(3). Furthermore, federal prisoners have liberty interests in their accumulated good-time credit, *See Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000), because protected "interests are generally limited to... regulations or statutes which affect the *quantity of time rather than the quality of time served by a prisoner*." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997) (emphasis added). Here, Ortiz was originally sanctioned with a loss of good-time credits. Doc. 1, att. 2, p. 5. Documentation provided by Ortiz shows that the disciplinary action and the imposed sanctions were expunged from his disciplinary record. Doc. 1, att. 2, p. 7. Therefore, there is no liberty interest implicated in this matter, and Ortiz has failed to show that a constitutional violation occurred.

Further, the requested investigation into the actions of the warden and disciplinary hearing officer is not cognizable in this action. Investigations into possible criminal activities fall within

the exclusive jurisdiction of the executive branch of the state and federal government. *See Pierre v. Guidry*, 75 F. Appx. 300 (5th Cir.2003).

### III.
### CONCLUSION

For reasons stated, **IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 2(b), parties aggrieved by this report and recommendation have fourteen (14) days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 9th day of September, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE